98 F.3d 1360
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William B. GROSECLOSE, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 96-3264
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1996.
 
 Before MAYER, LOURIE and, CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 William B. Groseclose petitions for review of the final decision of the Merit Systems Protection Board, No. SF1221920914-C-1, denying as moot his petition to enforce compliance with the board's November 1992 decision, which dismissed his appeal challenging a performance rating on the basis of a settlement agreement. We affirm.
 
 
 2
 We review the board's decision within precisely defined statutory limits. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the board's decision denying Groseclose's petition unless he demonstrates it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Groseclose has not met this burden.
 
 
 3
 "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Horner v. Merit Sys. Protection Bd., 815 F.2d 668, 670-71 (Fed.Cir.1987). Groseclose's petition for enforcement alleged that the Navy had failed to provide him with "critical" information he had requested pursuant to the Freedom of Information Act, in violation of their settlement agreement. However, once the Navy gave him that information, there was no longer a live issue before the board. He had received precisely what he was seeking.
 
 
 4
 Groseclose concedes the board made no errors of law in denying his petition. He also concedes that he possesses the information he sought from the Navy. The gravamen of his complaint is that notwithstanding these facts, the Navy acted in bad faith in responding to his request. In the absence of evidence in support of his allegation, however, the presumption that the government officials with whom he dealt acted in good faith and in accordance with the law stands. See Alaska Airlines, Inc. v. Johnson, 8 F.3d 791, 795 (Fed.Cir.1993).